Clayeo C. Arnold, SBN 65070
JOSHUA H. WATSON, SBN 238058
**CLAYEO C. ARNOLD, PC**
865 Howe Avenue
Sacramento, CA 95825
Telephone: (916) 777-7777
Facsimile: (916) 924-1829
Email: jwatson@justice4you.com

Attorneys for Plaintiff
*BRENDA DAVIDLOO*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDA DAVIDLOO<br><br>        Plaintiff,<br>vs.<br><br>LAW OFFICES OF EDWARD J. SINGER, A PROFESSIONAL LAW CORPORATION; SOPHIA PAK,<br><br>        Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. FAILURE TO PAY MINIMUM WAGE (FLSA – 29 USC § 206)**<br>**2. FAILURE TO PAY MINIMUM WAGE (CAL. LABOR CODE)**<br>**3. FAILURE TO PAY OVERTIME (FLSA – 29 USC § 207)**<br>**4. FAILURE TO PAY OVERTIME (CAL. LABOR CODE)**<br>**5. RETALIATION FOR MAKING FLSA COMPLAINT (FLSA – 29 USC § 215)**<br>**6. RETALIATION FOR MAKING LABOR CODE COMPLAINT (CAL. LABOR CODE §§ 98.6, 1102.5)**<br>**7. BATTERY**<br>**8. ASSAULT**<br>**9. CALIFORNIA PAGA CLAIM**<br>**10. FAILURE TO PAY WAGES DUE (CAL. LABOR CODE)**<br>**11. BREACH OF CONTRACT**<br><br>***JURY TRIAL DEMANDED*** |

COMPLAINT FOR DAMAGES                1

Comes now Plaintiff BRENDA DAVIDLOO, who alleges and complains as follows on information and belief, and who prays for relief from the court.

## SUMMARY

1.      Plaintiff was reassigned from a salaried position as an office administrator at a law firm to a legal assistant position.  Even after being reassigned, Plaintiff was paid a salary instead of hourly wages, resulting in uncompensated work time in which neither overtime nor minimum wages were paid.  When Plaintiff was reassigned from her position as office administrator, her employer assigned an attorney to act as the office administrator.  Thereafter, the new office administrator battered Plaintiff with sufficient force to leave bruising and prompt a police response.  In this setting, Plaintiff complained of wage and hour violations in an administrative complaint filed with the California Labor & Workforce Development Agency.  The complained-of conduct violated both the California Labor Code and the U.S. Fair Labor Standards Act.  Thereafter, Plaintiff's pay was substantially reduced.

## PARTIES

2.      Plaintiff BRENDA DAVIDLOO (hereafter "PLAINTIFF") is an adult individual residing in California.  PLAINTIFF was at relevant times was employed by LAW OFFICES OF EDWARD J. SINGER, A PROFESSIONAL LAW CORPORATION at its principal place of business.

3.      Defendant LAW OFFICES OF EDWARD J. SINGER, A PROFESSIONAL LAW CORPORATION (hereafter "DEFENDANT SINGER") is a private business and employer doing business in California within Los Angeles County as a law firm.

4.      Defendant SOPHIA PAK (hereafter "DEFENDANT PAK") is an attorney working at and for DEFENDANT SINGER'S practice, and who at the relevant times served as a supervisor of PLAINTIFF.

## JURISDICTION AND VENUE

5.      Subject matter jurisdiction exists via federal question because Plaintiff alleges violation of the U.S. Fair Labor Standards Act (29 USC § 201) (hereafter, "FLSA").

6.  DEFENDANT has its principal place of business in Los Angeles County in California, which is located within the geographical boundaries of this U.S. District Court's venue and jurisdiction.

7.  The court has supplemental jurisdiction over any and all state law allegations in this complaint because they arise from the same course of employment as the FLSA claims giving rise to the federal question upon which subject matter jurisdiction is based. (28 USC § 1367(a).)

8.  PLAINTIFF has exhausted administrative remedies under the California Labor Code required to bring a representative claim on behalf of the State of California for penalties due to the California Labor and Workforce Development Agency pursuant to California Private Attorney General Act.

### GENERAL FACTUAL ALLEGATIONS

9.  DEFENDANT SINGER operates a law firm located in Los Angeles, California.

10. PLAINTIFF has been continuously employed by DEFENDANT SINGER for a period in excess of the past three years.

11. PLAINTIFF previously served as the office administrator for DEFENDANT SINGER, and was removed from that position in or about November of 2020.

12. The terms and conditions of PLAINTIFF'S employment have, throughout her employment by DEFENDANT SINGER, been subject to California IWC Wage Order 4. *See,* Which IWC Wage Order at p 4, https://www.dir.ca.gov/dlse/whichiwcorderclassifications.pdf; IWC Wage Order 4 at https://www.dir.ca.gov/iwc/iwcarticle4.pdf.

13. While employed as the office administrator, PLAINTIFF'S work involved performance of office work directly related to management policies or general business operations the firm's clients, and PLAINTIFF assisted in the direction of employees.

14. While employed as the office administrator, PLAINTIFF customarily and regularly exercised discretion and independent judgment in executing her job duties.

15. While employed as the office administrator, PLAINTIFF regularly and directly assisted the proprietor of DEFENDANT SINGER.

16. While employed as the office administrator, PLAINTIFF spent at least half her time on such exempt-employee tasks.

17. While employed as the office administrator, PLAINTIFF was paid a salary as an exempt employee.

18. After being removed from the office administrator position, PLAINTIFF worked as a legal assistant.

19. While working as a legal assistant, PLAINTIFF did not direct the work of others.

20. While working as a legal assistant, PLAINTIFF did not perform office work directly related to management policies or general business operations the firm's clients.

21. While working as a legal assistant, PLAINTIFF did not customarily and regularly exercise discretion and independent judgment in executing her job duties.

22. While working as a legal assistant, PLAINTIFF was a non-exempt employee with respect to FLSA.

23. While working as a legal assistant, PLAINTIFF was a non-exempt employee with respect the the California Labor Code and California IWC Wage Order No. 4.

24. For at least the six months preceding PLAINTIFF'S removal from the position of office administrator, DEFENDANT SINGER paid PLAINTIFF in the following manner:

    a. DEFENDANT SINGER regularly paid PLAINTIFF in part via a payroll check that included a paystub.

    b. DEFENDANT SINGER regularly paid PLAINTIFF in part via an additional check that did not include a paystub.

    c. The addition check which did not include a paystub consisted of two forms of compensation: (a) a commute reimbursement fringe benefit; (b) wages for work performed by PLAINTIFF.

25. DEFENDANT SINGER continued to pay PLAINTIFF in the same manner after she was removed from the office administrator position and made a legal assistant in late 2020.

COMPLAINT FOR DAMAGES       4

26. While working as a legal assistant, PLAINTIFF regularly worked in excess of 8 hours on workdays, worked on her days off, and worked more than 40 hours per week.

27. While working as a legal assistant, PLAINTIFF was never paid overtime or any form of additional compensation for the time she worked in excess of 8 hours per day, work on her days off, or work in excess of 40 hours per week.

28. After PLAINTIFF was removed as office administrator, DEFENDANT SINGER designated DEFENDANT PAK as office administrator.  This is reflected by, among other things, an email by DEFENDANT PAK to the office staff on or about February 21, 2021 in which DEFENDANT PAK referred to herself as the office administrator and gave instructions to office staff concerning use of cell phones while at work.

29. Aside from her work as an office administrator, DEFENDANT PAK at all relevant times was a licensed attorney working at the offices of DEFENDANT SINGER as an attorney representing DEFENDANT SINGER's clients.

30. DEFENDANT PAK was a de facto supervisor of PLAINTIFF and other legal assistants, and regularly directed them to perform specific work tasks, oversaw the sufficiency of such work performed, and had the power to make recommendations affecting the terms and conditions of their employment.

31. Throughout the period starting when PLAINTIFF was a legal assistant following her removal from the office administrator position and ending immediately after the time of the battery alleged herein, DEFENDANT PAK was a supervisor of PLAINTIFF.

32. In or about March of 2021, DEFENDANT PAK battered PLAINTIFF during work hours at the premises of DEFENDANT SINGER, and in the presence of the owner of DEFENDANT SINGER. The battery was sparked by a discussion of work matters, and included a forceful shove sufficient to cause pain, leave bruises, and offend the dignity of PLAINTIFF.

33. PLAINTIFF immediately complained of such treatment to DEFENDANT SINGER, and further complained to the Los Angeles Police Department, who responded and investigated the matter.

34. PLAINTIFF retained counsel for a workers compensation claim, and separate counsel for a civil claim. Both attorneys notified DEFENDANT SINGER by, among other things, lodging complaints that collectively related to the battery and wage & hour issues.

35. On or about March 19, 2021, PLAINTIFF filed an administrative complaint with the California Labor & Workforce Development Agency (hereafter "LWDA") alleging wage and hour violations by DEFENDANT SINGER.

36. The LWDA administrative complaint was made in writing, was formally served on DEFENDANT SINGER via certified mail.

37. On March 19, 2021, the LWDA administrative complaint was informally provided to the owner of DEFENDANT SINGER by PLAINTIFF'S counsel via email.

38. The owner of DEFENDANT SINGER replied in writing to the aforementioned email on the same date (March 19, 2021).

39. The LWDA administrative complaint discussed acts which violated the Fair Labor Standards Act, including failure to pay for all hours worked.

40. The LWDA administrative complaint discussed acts which violated the California Labor Code and expressly set out a PAGA claim under that code.

41. Thereafter, PLAINTIFF was permitted to work from home by DEFENDANT SINGER.

42. DEFENDANT SINGER then lowered PLAINTIFF'S pay by, *inter alia*, ceasing all payments via the second check, including not just the fringe benefit for commute expenses but also the payment for additional wages. DEFENDANT SINGER also changed PLAINTIFF'S paystubs to reflect hourly compensation instead of salaried compensation, but the hourly rate was lower than that which should have been calculated and thereby reflected a reduction in pay.

43. PLAINTIFF'S LWDA administrative complaint is provided herewith as Exhibit A, and is incorporated by reference as if fully set forth here.

**FIRST COUNT**

**FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF**

**FAIR LABOR STANDARDS ACT 29 U.S.C. § 206**

**(BY PLAINTIFF AGAINST DEFENDANT SINGER)**

44. PLAINTIFF hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

45. DEFENDANT failed to pay PLAINTIFF minimum wage for all hours worked by such employees worked for DEFENDANT.   This violation arises because:

   a. While working as a legal assistant, Plaintiff at times was suffered or permitted to work more than 40 hours per week, but was not paid any additional wages for those hours worked in excess of 40 hours in that week.  These additional hours were thereby not compensated in any amount.

46. PLAINTIFF prays for payment of all such wages due, interest on such wages, penalties, liquidated damages, attorney-fees, and costs of litigation and such other relief as the court may see fit to award.

**SECOND COUNT**

**FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF CALIFORNIA**

**LABOR CODE §§ 1182.12, 1194, 1194.2, 1197, and Wage Order No. 4**

**(BY PLAINTIFF AGAINST DEFENDANT SINGER)**

47. PLAINTIFF hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

48. Pursuant to Labor Code §§ 1182.12, 1194, 1194.2, and 1197 it is unlawful for a California employer to suffer or permit an employee to work without paying wages for all hours worked, as required by the applicable Industrial Welfare Commission ("IWC") Wage Order.

COMPLAINT FOR DAMAGES            7

49. During all times relevant, IWC Wage Order No. 4, or a substantially similar order, applied to PLAINTIFF'S employment with DEFENDANT.

50. Pursuant to the applicable Wage Order "hours worked" includes "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

51. The applicable Wage Order requires every employer of 25 or fewer persons to pay each employee a minimum wage not less than $12.00 per hour effective January 1, 2020 for all time worked.

52. While PLAINTIFF was working as a legal assistant, DEFENDANT SINGER paid her a salary, even though she was nonexempt employee.  In such a setting, California deems the wages paid to be only for 40 hours per week, such that additional wages are required for work beyond 8 hours per day or 40 hours per week.  *See*, Cal. Labor Code § 515.  By not compensating PLAINTIFF for the additional hours she worked beyond 8 hours a day or 40 hours per week, DEFENDANT SINGER failed to pay PLAINTIFF minimum wage for such excess hours because she was not paid at all for such excess hours.

53. Labor Code § 1194.2, subdivision (a) provides that, in an action to recover wages because of the payment of a wage less than the minimum wage fixed by IWC Wage Orders, an employee is entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.  PLAINTIFF asserts this claim for liquidated damages in addition to her claim for unpaid minimum wage.

54. PLAINTIFF prays for unpaid minimum, waiting time penalties, liquidated damages, interest, attorneys' fees, and costs in an amount to be determined at trial.

**THIRD COUNT**

**FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF**

**FAIR LABOR STANDARDS ACT 29 U.S.C. § 207**

**(BY PLAINTIFF AGAINST DEFENDANT SINGER)**

55.   PLAINTIFF hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

56.   DEFENDANT failed to pay PLAINTIFF overtime wages for all hours worked by such employees worked for DEFENDANT.   This violation arises because:

   a.   While working as a legal assistant, Plaintiff at times was suffered or permitted to work more than 40 hours per week, but was not paid any additional wages for those hours worked in excess of 40 hours in that week.  These additional hours were thereby not compensated at overtime rates.

57.   PLAINTIFF prays for payment of all such wages due, interest on such wages, penalties, liquidated damages, attorney-fees, and costs of litigation and such other relief as the court may see fit to award.

## FOURTH COUNT

## FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF CALIFORNIA LABOR CODE §§ 510, 1194, and Wage Order No. 4 (PLAINTIFF AGAINST DEFENDANT)

58.   PLAINTIFF hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

59.   Eight hours of labor constitutes a day's work, and any work in excess of 8 hours in 1 workday and any work in excess of 40 hours in any one workweek and any work on the seventh consecutive day shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.  Any work in excess of 12 hours in one day, or in excess of 8 hours on the seventh consecutive day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  (Labor Code § 510 and applicable IWC Wage Order.)

60.   While working as a legal assistant, PLAINTIFF worked more than 8 hours on some days and in excess of 40 hours on some weeks.

COMPLAINT FOR DAMAGES                    9

61. While working as a legal assistant, PLAINTIFF was not paid overtime by or on behalf of DEFENDANT SINGER, even though she was entitled to such.

62. Based on the misconduct alleged in this Complaint, PLAINTIFF seeks to recover unpaid overtime compensation, penalties, interest, reasonable attorneys' fees, and costs in an amount to be determined at trial.

**FIFTH COUNT**

**RETALIATION FOR WAGE COMPLAINT**

**FAIR LABOR STANDARDS ACT 29 USC § 215**

**(BY PLAINTIFF AGAINST DEFENDANT SINGER)**

63. PLAINTIFF hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint as though fully set forth herein.

64. PLAINTIFF'S letter dated March 19, 2021 (attached hereto as Exhibit A) constituted a written complaint concerning violations of her rights under wage and hour standards.

65. PLAINTIFF'S letter dated March 19, 2021 (attached hereto as Exhibit A) was sent to both DEFENDANT SINGER and a government agency, the LWDA.

66. PLAINTIFF'S letter dated March 19, 2021 (attached hereto as Exhibit A) contains the following text setting forth conduct that, as alleged, violates both the California Labor Code and FLSA, and demanding corrective action:

> Ms. Davidloo has always been a hard worker.  She has worked long days and weekends which are not reflected in her pay paystubs.  In this way she has not been paid all wages due, has not been paid minimum wages for all hours worked, and has not been paid any overtime.  To properly correct for this, you must calculate her annual income in all forms of payment, convert that number to the hourly wage for a 40 hour week, and pay for all hours worked beyond 40 hours at the rate of 1.5 times the baseline.  You may not restrict that baseline figure to only a portion of her pay; you must use all of the pay to calculate the baseline hourly wage.

67. After receiving PLAINTIFF'S LWDA complaint, DEFENDANT SINGER retaliated by reducing PLAINTIFF'S wages as alleged herein.

68. Such retaliation is prohibited 29 USC § 215(a)(3), which makes it unlawful "to discharge or in any other manner discriminate against any employee because the employer has filed any complaint…related to this chapter." *See also, Lambert v. Ackerley* (9th Cir. 1999) 180 F.3d 997, 1001 ["Based on the guiding purpose and design of the FLSA and the language of the statute, we join six other circuits and hold that complaints made to employers are within the ambit of the FLSA's anti-retaliation clause."]

69. Employees affected by retaliatory actions in violation of 29 USC § 215 (a)(3) hold a private right of action for legal and equitable relief, including but not limited to employment, reinstatement, promotion, payment of wages lost, and an additional amount as liquidate damages, in addition to an award of attorney's fees and costs of the action. *See,* 29 USC 216 (b).

70. PLAINTIFF prays for all available relief, including but not limited to payment of all wages, liquidated damages, reinstatement of the rate of wages prior to retaliation, attorney's fees, and costs.

## **SIXTH COUNT**

## **RETALIATION FOR WAGE COMPLAINT**

## **CAL. LABOR CODE §§ 98.6, 1102.5**

## **(BY PLAINTIFF AGAINST DEFENDANT SINGER)**

71. PLAINTIFF hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint as though fully set forth herein.

72. The reduction in PLAINTIFF'S pay by DEFENDANT SINGER after PLAINTIFF complained of wage and hour issues as alleged herein was in violation of Cal. Labor Code § 98.6, which forbids retaliation against an employee who "made a written or oral complaint that he or she is owed unpaid wages."

73. The reduction in PLAINTIFF'S pay by DEFENDANT SINGER after PLAINTIFF complained of wage and hour issues as alleged herein was in violation of Cal. Labor Code § 1102.5, which forbids provides that an employer "shall not retaliate against an employee for disclosing information … to a government or law enforcement agency, [or] to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance … if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation."

74. PLAINTIFF prays for all available relief, including but not limited to unpaid wages, liquidated damages, damages, and costs.

**SIXTH COUNT**

**SEXUAL HARASSMENT IN VIOLATION OF FEHA**

**(CAL. CIVIL JURY INST. NO. 2521A)**

**(BY PLAINTIFF AGAINST DEFENDANT)**

75. PLAINTIFF hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

76. PLAINTIFF was at all relevant times an employee of DEFENDANT an DEFENDANT was her supervisor.

77. PLAINTIFF was subjected to harassing conduct as alleged herein.

78. The harassing conduct was severe in that, among other things, it included trespass into PLAINTIFF's dwelling before and after protest, and involved real or apparent danger to PLAINTIFF as demonstrated by DEFENDANT entering PLAINTIFF's home while she bathed.

79. The harassing conduct was pervasive in that, among other things, it recurred before and after PLAINTIFF's protest, and included a wide range of behaviors including but not

limited to trespass, offensive sexual language, physical positioning, and threatened and actual changes to the terms and conditions of employment.

80.  A reasonable woman in PLAINTIFF's position would have found the work environment to be work environment to be hostile, intimidating, offensive, oppressive, and abusive.

81.  PLAINTIFF found the work environment to be work environment to be hostile, intimidating, offensive, oppressive, and abusive.

82.  As a direct and proximate result, PLAINTIFF suffered injury and attendant damages.

83.  DEFENDANT so-acted with oppression in that his conduct was vile and contemptible so as to be looked down on and despised by reasonable people.  In so-acting, DEFENDANT and subjected PLAINTIFF to cruel and unjust hardship in knowing disregard of her rights.  Reasonable people understand that trespass into another's dwelling causes fright, upset, anger, and a sense of violation, and thus behavior is far more hurtful if engaged in by a male vs a female, by an employer against an employee, or while the resident/tenant is in a vulnerable position such as bathing. This conduct is further worsened when coupled with sexual harassment, including references to wanting sex by an opposite gendered employer with a key to an employee's home.

84.  Having been told to stop trespassing and harassing but continuing to do so anyway, DEFENDANT acted with malice in that he acted with intent to cause injury or acted despicably with a willful and knowing disregard of the rights and safety of PLAINTIFF by being aware of the probable causes of causing PLAINTIFF distress but still trespassing.

85.  In light of DEFENDANT's oppression and malice (see Cal. Civil Jury Instruction No. 3940), PLAINTIFF seeks an award of punitive damages.

## SEVENTH COUNT

## BATTERY

## (CAL. CIVIL JURY INST. NO. 1300)

## (BY PLAINTIFF AGAINST DEFENDANT PAK AND DEFENDANT SINGER)

86. PLAINTIFF hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

87. As alleged herein, DEFENDANT PAK touched PLAINTIFF with an intent to harm or offend PLAINTIFF.

88. PLAINTIFF did not consent to the touching.

89. PLAINTIFF did not provoke the touching.

90. PLAINTIFF was harmed to the touching as alleged herein.

91. A reasonable person in PLAINTIFF'S situation would have been offended by the touching.

92. DEFENDANT PAK was at the time of the battery acting in the course and scope of her employment by DEFENDANT SINGER. This is reflected by, among other things:

    a. In the events proceeding and at the time of the battery, DEFENDANT PAK was engaged in the supervision of PLAINTIFF.

    b. DEFENDANT SINGER permitted and contributed to an emotionally charged workplace, which extended into the manner in which supervision was carried out.

    c. DEFENDANT SINGER was aware of a prior complaint history that DEFENDANT PAK acted in an overly intense manner with staff and clients but left her in her current position.

93. On information and belief, DEFENDANT SINGER ratified the conduct of DEFENDANT PAK. This is reflect by, among other things:

    a. The owner of DEFENDANT SINGER acted as DEFENDANT PAK's attorney in the events immediately following the battery, including during DEFENDANT PAK's interactions with police.

    b. DEFENDANT SINGER failed to alert police to presence of security camera audio/video recordings at the premises that documented the areas involved in or immediately surrounding the site of the battery.

c.  DEFENDANT SINGER retaliated against PLAINTIFF by reducing her pay after she made complaints about the battery.

d.  DEFENDANT SINGER failed to take any serious employment action against DEFENDANT PAK after the battery.

e.  PLAINTIFF notes that the owner of DEFENDANT SINGER and DEFEDNANT PAK have a personal/romantic relationship, but that such personal relationship does not relieve LAW OFFICES OF EDWARD J. SINGER, A PROFESSIONAL LAW CORPORATION from its duties as an employer to reasonably address battery of a staff member by an attorney, which in ordinary circumstances would lead to the prompt termination of the attorney.  By electing to keep DEFENDANT PAK employed as an attorney, regardless of the personal interests of DEFENDANT SINGER'S owner while cutting PLAINTIFF'S pay, DEFENDANT SINGER excuses, endorses, and ratifies DEFENDANT PAK's conduct.

f.  PLAINTIFF notes that California law permits a finding of employer liability following assault or battery, despite workers compensation exclusivity, where the employer fails to take corrective action, thereby ratifying misconduct.  *See, e.g:*

   i.  *Herrick v. Quality Hotels, Inns & Resorts, Inc.*, 19 Cal. App. 4th 1608 (1993).

   ii.  *Iverson v. Atlas Pacific Engineering*, 143 Cal.App.3d 219 (1983).

   iii.  California Labor Code § 3602 (employer liability) vs California Labor Code § 3601 (co-employee liability).

94.  As a direct and proximate result of the following, PLAINTIFF suffered injury and attendant damages.

95.  PLAINTIFF'S claim against DEFENDANT PAK is not barred by the workers compensation exclusivity rule pursuant to Cal. Labor Code §3601(a)(1), which provides for liability against another employee of a common employer in the event of willful and unprovoked physical act of aggression.

COMPLAINT FOR DAMAGES            15

96. PLAINTIFF'S claim against DEFENDANT SINGER is not barred by the workers compensation exclusivity rule pursuant to Cal. Labor Code §3602(b)(1), which provides for liability against an employer for "a willful physical assault by the employer."

97. PLAINTIFF seeks punitive damages against DEFENDANT PAK because DEFENDANT PAK acted with malice and oppression.  (*See*, Cal. Civil Jury Instruction No. 3940.)  This includes but is not limited to the following:

    a. DEFENDANT PAK acted with intent to cause injury to PLAINTIFF by making forceful contact with PLAINTIFF's person.

    b. DEFENDANT PAK's conduct in making forceful contact with PLAINTIFF's person was despicable in that using physical violence in association with supervision of employees is so vile, base, and/or contemptible that it is looked down on and despised by reasonable people.

    c. DEFENDANT PAK's conduct in making forceful contact with PLAINTIFF's person was done with a willful and knowing disregard of PLAINTIFF's rights and safety as reflected by, among other thignsm: (i) DEFENDANT PAK was aware that PLAINTIFF had the right to be free of violence or threat of violence at work, and (ii) the touching by DEFENDANT PAK was sufficiently forceful to cause injury and not mere offense to PLAINTIFF.

    d. DEFENDANT PAK's conduct subject PLAINTIFF to cruel and unjust hardship in disregard of PLAINTIFF's rights to a workplace free of violence or the threat of violence.

### EIGHTH COUNT

### ASSAULT

### (CAL. CIVIL JURY INST. NO. 1301)

### (BY PLAINTIFF AGAINST DEFENDANT PAK)

98. PLAINTIFF hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

99.   DEFENDANT PAK acted intending to cause a harmful or offensive contact to PLAINTIFF, as alleged herein.

100.   PLAINTIFF reasonably believed that she was about to be touched in a harmful or offensive manner by DEFENDANT PAK.

101.   As a direct and proximate result, PLAINTIFF suffered injury and attendant damages.

102.   PLAINTIFF'S claim against DEFENDANT PAK is not barred by the workers compensation exclusivity rule pursuant to Cal. Labor Code §3601(a)(1), which provides for liability against another employee of a common employer in the event of willful and unprovoked physical act of aggression.

103.   PLAINTIFF seeks punitive damages against DEFENDANT PAK because DEFENDANT PAK acted with malice and oppression.  (*See*, Cal. Civil Jury Instruction No. 3940.)  This includes but is not limited to the following:

a.   DEFENDANT PAK acted with intent to cause injury to PLAINTIFF by making forceful contact with PLAINTIFF's person.

b.   DEFENDANT PAK's conduct in making forceful contact with PLAINTIFF's person was despicable in that using physical violence in association with supervision of employees is so vile, base, and/or contemptible that it is looked down on and despised by reasonable people.

c.   DEFENDANT PAK's conduct in making forceful contact with PLAINTIFF's person was done with a willful and knowing disregard of PLAINTIFF's rights and safety as reflected by, among other things: (i) DEFENDANT PAK was aware that PLAINTIFF had the right to be free of violence or threat of violence at work, and (ii) the touching by DEFENDANT PAK was sufficiently forceful to cause injury and not mere offense to PLAINTIFF.

d.   DEFENDANT PAK's conduct subject PLAINTIFF to cruel and unjust hardship in disregard of PLAINTIFF's rights to a workplace free of violence or the threat of violence.

## NINTH COUNT

### VIOLATION OF CALIFORNIA LABOR CODE § 2698 - PAGA

### (BY PLAINTIFF in a Representative Capacity Against DEFENDANT SINGER)

104.  PLAINTIFF hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

105.  PLAINTIFF filed an administrative complaint with the California Labor and Workface Development Agency concerning allegations of wage and hour violations, as reflected in the Exhibit to this Complaint.

106.  PLAINTIFF provided DEFENDANT SINGER with actual notice and formal service of the administrative complaint for over 65 days.

107.  DEFENDANT SINGER has not cured the items of non-compliance raised in the administrative complaint.

108.  PLAINTIFF incorporates the LWDA administrative complaint, provided as an exhibit hereto, to set out the violations of the California Labor Code at issue in this count.

109.  PLAINTIFF seeks all civil penalties, attorney-fees, and costs as permitted by law.

### TENTH COUNT

### VIOLATION OF CALIFORNIA LABOR CODE § 204, WAGE ORDER 4

### (BY PLAINTIFF AGAINST DEFENDANT SINGER)

110.  PLAINTIFF hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

111.  As alleged herein, DEFENDANT SINGER has failed to pay all wages due to PLAINTIFF, including but not limited to wages withheld due to retaliation alleged herein, uncompensated work hours as alleged herein, and premiums owed under the relevant wage order for missed meal and rest periods as alleged in the LWDA administrative complaint incorporated herein.

112.  PLAINTIFF seeks all such wages, damages, liquidated damages, penalties, attorney fees, and costs.

## ELEVENTH COUNT

## BREACH OF CONTRACT

## (BY PLAINTIFF AGAINST DEFENDANT SINGER)

113.  PLAINTIFF hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

114.  PLAINTIFF and DEFENDANT SINGER had a contract in which PLAINTIFF would render services as a legal assistant to DEEFNDANT SINGER for an agreed upon compensation arrangement as pled herein.

115.  PLAINTIFF performed as necessary to be entitled to performance by DEFENDANT SINGER.

116.  DEFENDANT SINGER failed to pay all compensation owed under the agreement.

117.  As a direct and proximate result, PLAINTIFF suffered injury and attendant damages.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays for judgment as follows:

1.  For economic damages according to proof;

2.  For non-economic damages according to proof;

3.  For all penalties permitted by law according to proof;

4.  Liquidated damages as provided by statute or other law;

5.  Unpaid wages and wage premiums as provided for by statute, wage order, or other law;

6.  For punitive and/or exemplary damages in an amount sufficient to punish DEFENDANTS;

7.  For reasonable attorney fees and costs to the extent allowed by law;

8.  For such other and further relief as this court deems just and proper.

For due process purposes, Plaintiff asserts damages of up to $750,000 plus attorneys fees

COMPLAINT FOR DAMAGES                19

and costs.  This number may be adjusted upwards or downwards in keeping with information obtained in conformity with law, and is asserted here for default-judgment purposes.

Date: June 1, 2021                    CLAYEO C. ARNOLD, PC

                                  By:    /s/ Joshua H. Watson
                                         Joshua H. Watson
                                         Attorney for Plaintiff


## DEMAND FOR JURY TRIAL

Date: June 1, 2021                    CLAYEO C. ARNOLD, PC

                                  By:    /s/ Joshua H. Watson
                                         Joshua H. Watson
                                         Attorney for Plaintiff

COMPLAINT FOR DAMAGES              20