UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | EDCV 21-936 JGB (SHKx) | Date | August 18, 2022 |
| Title | *Brenda Davidloo v. Law Offices of Edward J. Singer, et al.* | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   Order (1) GRANTING Defendants' Motion to Dismiss (Dkt. No. 19); and (2) VACATING the August 22, 2022 Hearing   (IN CHAMBERS)

Before the Court is Defendants unopposed motion to dismiss. ("Motion," Dkt. No. 19.) The Court finds this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7 15. After considering the papers filed in support, the Court **GRANTS** the Motion and **VACATES** the August 22, 2022 hearing.

## I.   BACKGROUND

On March 14, 2022, Plaintiff Brenda Davidloo ("Plaintiff" or "Ms. Davidloo") filed a complaint against Defendants Law Offices of Edward J. Singer and Sophia Pak ("Defendants"). ("Complaint," Dkt. No. 1.) The Complaint alleges eleven causes of action: (1) failure to pay minimum wage in violation of the Fair Labor Standards Act ("FLSA"); (2) failure to pay minimum wage in violation of the California Labor Code; (3) failure to pay overtime in violation of FLSA; (4) failure to pay overtime in violation of the California Labor Code; (5) retaliation for making complaint in violation of FLSA; (6) retaliation for making Labor Code complaint in violation of the California Labor Code; (7) battery; (8) assault; (9) violation of California's Private Attorney Generals Act ("PAGA"); (10) failure to pay wages due in violation of the California Labor Code; and (11) breach of contract. (Id.)

On July 12, 2022, Defendants filed a motion to dismiss which was noticed for hearing on August 22, 2022. (Motion.) Ms. Davidloo failed to file opposition papers by the August 8, 2022 deadline. See L.R. 7-9. To date, she still has not filed an opposition.

## II. LEGAL STANDARD

Under this Court's Local Rules, the failure to file opposing papers in a timely manner "may be deemed consent to the granting" of a motion to dismiss. L.R. 7-12; see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal."). Before dismissing an action for failure to follow a district court's local rules, that court must "weigh several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions.'" Id. (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)). The Court need not weigh these factors explicitly. See id. at 53–54.

## III. DISCUSSION

On the same day that Defendants filed the Motion, Ms. Davidloo filed a "notice of lodging" "for request of Plaintiff's Counsel to appear remotely" at the August 22, 2022 hearing. (Dkt. No. 20.) Thus, Ms. Davidloo had notice of the Motion and does not oppose it. Accordingly, the Court **GRANTS** the Motion in light of Plaintiff's failure to oppose.

## IV. CONCLUSION

For the foregoing reasons, the Court **ORDERS** as follows:

1. Defendants' Motion is **GRANTED**.

2. The second "Count 6" of the Complaint is **STRICKEN**. Counts 7 and 8 are **DISMISSED WITHOUT PREJUDICE**.

3. The August 22, 2022 hearing is **VACATED**.

**IT IS SO ORDERED.**