Joshua H. Watson SBN 238058
CLAYEO C. ARNOLD, PC
865 Howe Avenue
Sacramento, CA 95825
Telephone: (916) 777-7777
Facsimile: (916) 924-1829
jwatson@justice4you.com

Attorneys for Plaintiff
*Brenda Davidloo*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDA DAVIDLOO,<br><br>        Plaintiff,<br><br>vs.<br><br>LAW OFFICES OF EDWARD J. SINGER, A PROFESSIONAL LAW CORPORATION,<br><br>        Defendants. | Case No.: 5:21-cv-00936-JGB-SHK<br><br>STIPULATED REQUEST TO APPROVE FLSA AND PAGA SETTLEMENT AND DISMISS WITH PREJUDICE |

Plaintiff Brenda Davidloo ("Plaintiff") and defendant Law Offices of Edward J. Singer, A Professional Law Corporation ("Defendant"), through their respective counsel of record, stipulate and agree as follows:

WHEREAS the Complaint in this matter was filed on June 2, 2021;

WHEREAS the Answer in this matter was filed on July 6, 2021;

WHEREAS the operative allegations were adjusted to include only wage and hour claims via Plaintiff's unopposed Motion to Dismiss Party and Specific Counts of Complaint filed July 12, 2022, and the associated Order at ECF No. 21 on August 4, 2022;

WHEREAS the operative allegations in the Complaint in this matter include FLSA claims for minimum wages and overtime wages, FLSA retaliation, and a California PAGA claim;

WHEREAS this is an individual case in which there is no FLSA collective and no other affected employee;

WHEREAS the FLSA portion of the settlement can be settled out of court but may require court approval to function as a release for Defendant (*See, e.g., Alcantara v. Duran Landscaping, Inc.*, 2:21-cv-03947-JDW (E.D. Pa. Jul. 12, 2022) ["Parties to an FLSA suit can settle their claims out of court before they file a suit, and they can still do so once they file the suit. That is a risk Parties can choose, or decline, to take."], *Compare, Evans v. Centurion Managed Care of Ariz. LLC*, 2023 U.S. Dist. LEXIS 139126 (D. Ariz. Aug. 9, 2023, No. CV-23-00282-PHX-DWL)["[A]lthough the Court has previously engaged in the process of approving settlements in individual FLSA actions, it now joins the growing number of courts that have concluded that judicial approval is neither authorized nor necessary in this circumstance… [N]othing in the text of the FLSA indicates that judicial approval of settlement agreements is required and other features of the statutory text strongly suggest that Congress did not intend to create such a requirement."]);

WHEREAS a court engaging in review of an FLSA settlement may approve the settlement if the settlement reflects a fair and reasonable resolution of a bona fide dispute of FLSA provisions (*See, Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-1354

(11th Cir. 1982));

WHEREAS the Court's approval is necessary to resolve the California state law PAGA claim in this matter (*See,* Cal. Labor Code § 2699(l).);

WHEREAS PAGA settlements are properly approved where they are "fair, reasonable, and adequate in view of PAGA's purposes to remediate present labor law violations, deter future ones, and to maximize enforcement of state labor laws." (*Moniz v. Adecco U.S., Inc.*, 72 Cal.App.5th 56, 77 (Cal. Ct. App. 2021);

WHEREAS 75% of any PAGA award is paid to the State of California Labor and Workforce Development Agency, with only 25% going to protected employees (*See,* Cal. Labor Code § 2699(i).);

WHEREAS the core wage and hour allegations in this matter are that Plaintiff was allegedly misclassified and paid a salary in error, resulting in uncompensated working time;

WHEREAS counsel for Plaintiff calculated the maximum recovery of wages, liquidated damages, and interest to be $10,389.98;

WHEREAS the wages claim is subject to a bona fide dispute over the number of hours PLAINTIFF worked, and whether Defendant was on notice that such hours were being worked,

WHEREAS the core retaliation allegation in this matter was that Defendant reduced Plaintiff's pay after Plaintiff complained about wage and hour matters;

WHEREAS Defendant asserts non-trivial defenses to that claim that include that Plaintiff was granted a work at home accommodation on Plaintiff's own request, and that the reduction in compensation reflected reduction of a travel allowance perquisite given Plaintiff's formerly long commute, and not any reduction in pay;

WHEREAS the settlement fund for FLSA and PAGA claims in this matter is $10,638.98, inclusive of wages, damages, fees, and costs;

WHEREAS payment of her exceeding all contested wages and liquidated damages alleged under FLSA furthers substantially similar public policy goals to those of PAGA;

WHEREAS equity to the affected employee, Plaintiff, is reduced if a substantial portion of the settlement fund is redirected to the State of California for PAGA violations in which the

FLSA component of the settlement has arguably already accomplished the policy goals;

NOW THEREFORE the parties request that the Court ORDER as follows:

    (1) Defendant will pay $2,500 to Plaintiff in the form of a paycheck, subject to 1099 reporting and all regular payroll deductions;

    (2) Defendant will pay $8,138.98 to Plaintiff, directed to the Client Trust Account of Plaintiff's counsel of record;

    (3) Counsel of record for Plaintiff will distribute $300 of the settlement fund paid by Plaintiff to LWDA.

    (4) The PAGA and FLSA settlement is approved as fair and reasonable resolution of a bona fide dispute.

    (5) This matter is to be dismissed with prejudice. The parties are to bear their own costs and fees per their agreement.

IT IS SO STIPULATED.

Respectfully submitted,

Dated: 12/11/2023

CLAYEO C. ARNOLD, PC

By: _____
Joshua H. Watson
*Attorneys for Plaintiff*

Dated: 11/29/2023

LAW OFFICES OF EDWARD J. SINGER, PC

By: _____
Edward J. Singer
*Attorneys for Defendant*